UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIQUAN S. GRAYSON,<br><br>        Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY JAIL, et al.,<br><br>        Defendants. | No.  2:23-cv-2887 AC P<br><br><br>ORDER |

      Plaintiff is a county inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  Because the first two requests were deficient (ECF Nos. 2, 7), plaintiff was required to file a third request.  See ECF Nos. 6, 8.  Plaintiff has now submitted a third request with a declaration (ECF Nos. 9-10) showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis (ECF No. 9) is granted.[1]

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. § 1914(a).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to the Sheriff's of Sacramento County requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

1

I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II. Factual Allegations of the Complaint

The complaint alleges that defendants Collins, Sacramento County Jail, and Sacramento Department of Health violated plaintiff's Fourteenth Amendment[2] constitutional rights. ECF No.

---

[2] Although plaintiff states his claims are brought under the Eighth Amendment, he does not specify whether he was a pretrial detainee or a convicted prisoner at the time of the violations. For purposes of screening, the undersigned therefore assumes that he was a pretrial detainee and that his claims arise under the Fourteenth Amendment. See Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) ("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted prisoners*.'" (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004))).

1. Specifically, plaintiff alleges that on September 11, 2023, Collins tried to kill him by pulling him down from a 20- to 25-foot concreate beam while plaintiff was protesting and exercising his constitutional right to peaceably assemble. Id. at 4. Plaintiff also asserts that Collins' actions went against crisis intervention procedures. Id. According to plaintiff, Collins actions caused plaintiff knee and ankle injury that required him to use crutches and a wheelchair for some time, and, at the time of filing, required him to use knee braces to support him to walk. Id. Plaintiff also claims he suffers from PTSD nightmares related to Collins' actions. Id.

Plaintiff further alleges that defendant Sacramento County Jail's officers and staff were deliberately indifferent to a serious threat to plaintiff's safety when they required him to move about the institution using crutches and provided no additional assistance, which resulted in him falling down the stairs and further injuring his knees and back a week after the incident with Collins. Id. at 3. He further alleges that defendant Sacramento County Department of Health was "notified and aware" of his injuries and medical needs but failed to provide him necessary medical care and provide him "accommodations." Id. at 5. Plaintiff claims that the Sacramento County Department of Health's failure to treat his injuries made his back, knee, and wrist issues worse. Id.

III.     Duplicative Claims

Plaintiff's excessive force claim against Collins in this action is duplicative of the claim brought against Collins in Grayson v. Sacramento County Main Jail (Grayson I), No. 2:23-cv-2859 KJM DMC (E.D. Cal.). See Grayson I, ECF No. 1 at 4 (complaint), ECF No. 12 at 3 (screening order summarizing claims and finding viable Eighth Amendment claim against Collins). Because plaintiff "has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant," MHC Fin. Ltd. P'ship v. City of San Rafael, 714 F.3d 1118, 1133 (9th Cir. 2013), and because the interests of judicial economy and wise judicial administration warrants dismissal of duplicative claims, the undersigned will recommend plaintiff's excessive force claim against Collins in this action be dismissed as duplicative should plaintiff attempt to continue pursuing it in this case. See M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (citing Adams v. Cal. Dep't of Health

3

Servs., 487 F.3d 684, 688-89 (9th Cir. 2007)) ("[A] district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims."); Adams, 487 F.3d at 688, overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008) ("After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."). The recommended dismissal will be without prejudice to a motion for leave to amend the complaint in Grayson I.

IV. Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state valid claims for relief pursuant to the Fourteenth Amendment against defendant Sacramento County Jail for deliberate indifference to plaintiff's safety, or defendant Sacramento County Department of Health for deliberate indifference to plaintiff's medical needs. A § 1983 claim against a municipality or other local government unit requires identification of a policy, custom, or practice that amounts to deliberate indifference to plaintiff's constitutional right and is the moving force behind the constitutional violation. Plaintiff has not alleged any facts showing that the alleged violations were a result of the county's policies or customs, rather than simply the conduct of individual employees, and therefore fails to state a claim against either defendant.

To the extent plaintiff is attempting to allege failure to protect and/or inadequate medical care claims against *individual* defendants rather than the Sacramento County Jail or Sacramento County Department of Health, he has not identified any individual defendants, aside from Collins, and therefore fails to state any claims against individual defendants. To state a claim against an individual plaintiff must identify them as a defendant and identify their conduct that he believes violated his rights.

Lastly, because plaintiff makes multiple references to "accommodations" and attaches a "Response to Request for Reasonable Modification or Accom[m]odation," it appears plaintiff may have been attempting to allege a claim under the Americans with Disabilities Act ("ADA"). To the extent this is what plaintiff was attempting to do, he fails because plaintiff has not alleged

4

facts showing that he is an individual with a qualifying disability who was excluded from participation in or denied the benefits of services, programs, or activities, or otherwise discriminated against by defendant by reason of his disability. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007).

Because of these defects, the court will not order the complaint to be served on defendants. Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is provided with the relevant legal standards governing his potential claims for relief which are attached to this order. See Attachment A.

V.     Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plain Language Summary of this Order for Party Proceeding Without a Lawyer

You may not pursue your claim of excessive force against Collins because you have already presented that claim in another case before this court, and there is no need for there to be

two cases dealing with the same claims against the same defendant.  As for your claims against the other two defendants in this case, your complaint will not be served because the facts alleged are not enough to state a claim.  You are being given a chance to fix these problems by filing an amended complaint.  If you file an amended complaint, pay particular attention to the legal standards attached to this order.  Be sure to provide facts that show exactly what each defendant did to violate your rights.  If you continue to include the excessive force claims against Collins in any amended complaint, it will be recommended that they be dismissed as duplicative.  **Any claims and information not in the amended complaint will not be considered.**

## CONCLUSION

In accordance with the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is GRANTED.

2. Plaintiff's earlier requests for leave to proceed in forma pauperis (ECF Nos. 2, 7) are DENIED as moot;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

4. The claims against defendant Collins are duplicative of the claims in Grayson v. Sacramento County Main Jail (Grayson I), No. 2:23-cv-2859 KJM DMC (E.D. Cal.), and may not be pursued in this action.  Plaintiff's complaint otherwise fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

5. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

6. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

7. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: December 17, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

**Attachment A**

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Claims for Relief

    A. Monell Liability

Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell, 436 U.S. at 690; Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. See Plumeau v. Sch. Dist. No. 40 County. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). The municipal policy at issue must be the result of a "'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'" Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)).

The deliberate indifference standard for a governmental entity is an objective inquiry. Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1248-49 (9th Cir. 2016). To satisfy the objective standard, a § 1983 plaintiff must "establish that the facts available to [entity] policymakers put them on actual *or constructive notice* that the particular omission [or act] is substantially certain to result in the violation of the constitutional right of their citizens." Castro v. County of Los

Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016) (emphasis in original) (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)).

### B. Conditions of Confinement for Pretrial Detainees

Conditions of confinement claims raised by pretrial detainees are analyzed under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Nevertheless, comparable standards apply, with Fourteenth Amendment analysis borrowing from Eighth Amendment standards. Frost, 152 F.3d at 1128. "Jail officials have a duty to ensure that detainees are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Shorter v. Baca, 895 F.3d 1176, 1185 (9th Cir. 2018). To state a claim of deliberate indifference under the Fourteenth Amendment, plaintiff must allege that (i) defendant made an intentional decision with respect to the conditions of plaintiff's confinement; (ii) those conditions exposed plaintiff to a "substantial risk of serious harm"; (iii) defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved; and (iv) by not taking those measures, defendant caused plaintiff's injuries. See Gordon v. County. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (pretrial detainee's medical care claim); Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (pretrial detainee failure to protect claim). For the third element, the defendant's conduct must be objectively unreasonable. Castro, 833 F.3d at 1071. A "mere lack of due care" is not enough; plaintiff must show "more than negligence but less than subjective intent—something akin to reckless disregard." Id.

### C. Americans with Disabilities Act

Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 2132 applies to inmates detained in county jails. Updike v. Multnomah County, 870 F. 939, 949 (9th Cir. 2017) (citing Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998)). To state a claim for violation of Title II of the ADA, a plaintiff must allege four elements:

> (1) [H]e is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public

> entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007); see also Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001).

However, the treatment, or lack of treatment, concerning plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)).